UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| CHRISTINA KASTANIDIS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 5:16-cv-00734 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| DEPARTMENT OF HUMAN SERVICES, | : | |
| | : | |
| Defendant. | : | |

_____

**MEMORANDUM OPINION AND ORDER**

**Defendant Commonwealth of Pennsylvania, Department of Human Services' Motion to Dismiss or, in the Alternative, to Transfer Venue, ECF No. 5 – Granted**

**Joseph F. Leeson, Jr.**                                                                                                   **June 24, 2016**
**United States District Judge**

I.   Introduction

Plaintiff Christina Kastanidis contends that Defendant Department of Human Services of the Commonwealth of Pennsylvania discriminated against her on the basis of her sex during her time as an employee of the Department's Bureau of Juvenile Justice Services, in violation of Title VII of the Civil Rights Act of 1964. *See* Compl. ¶¶ 32-34, ECF No. 1. She filed this action seeking relief.

The Department of Human Services contends that venue in this district is not proper, or, even if it is, that this action should be transferred to the Middle District of Pennsylvania. Under Title VII's exclusive venue provision, 42 U.S.C. § 2000e-5(f)(3), venue in this district is not improper. However, for the reasons set forth hereinafter in Section III of this Opinion, venue in the Middle District of Pennsylvania is more convenient and serves the interests of justice, and so the Department's motion to transfer venue is granted.

1

## II.	Venue in this district is proper.

The Department of Human Services contends that venue in this district is not proper. Title VII contains an exclusive venue provision, which provides:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

42 U.S.C. § 2000e-5(f)(3). There is no genuine dispute that the Middle District of Pennsylvania is where the allegedly unlawful discrimination was committed, where the relevant employment records are located, and where Kastanidis would still be working but for the alleged discrimination. To the Department, that means that venue is proper in only that district. That argument, however, rests on "a misinterpretation of Title VII's venue provision." *See Moy v. Rose View Ctr.*, No. 05-6300, 2006 WL 3511687, at *4 (E.D. Pa. Dec. 5, 2006). The statute provides that venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," which means that venue for this action is proper in "any judicial district" in Pennsylvania, including this one. *See id.* (collecting cases).

## III.	Transfer to the Middle District of Pennsylvania is appropriate.

The Department contends that even if venue is proper here, this action should nonetheless be transferred to the Middle District of Pennsylvania. *See* 28 U.S.C. § 1404(a). A variety of considerations may be relevant to the decision of whether to transfer an action, including the parties' preferences, where the claim arose, the convenience of the parties, the convenience of the witnesses and the location of the records (to the extent that either may be unavailable for trial in one of the fora under consideration), the enforceability of the judgment, practical considerations that could affect the ease of trial, the amount of congestion in the judicial calendars, and the local interest in resolving local controversies in the home forum. *See Jumara*

*v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). Ultimately, the question is "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *See id.* at 879 (quoting 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3847 (2d ed. 1986)). It must be remembered, however, that "the plaintiff's choice of venue should not be lightly disturbed." *Id.* (quoting 1A James Wm. Moore et al., *Moore's Federal Practice* ¶ 0.345[5], at 4350 (2d ed. 1995)).

Nearly every aspect of this action relates to the Middle District of Pennsylvania. That is where Kastanidis worked when the alleged acts of discrimination and harassment took place, where nearly all of the employees of the Department's Bureau of Juvenile Justice Services—Kastanidis's former coworkers and likely witnesses[1]—are located,[2] where other likely witnesses who no longer work for the Department live and work,[3] and where records related to her employment are maintained.[4] Kastanidis contends that witnesses who will testify on her behalf, such as "witnesses who may be able to testify concerning her emotional distress" that she allegedly suffered from these events, are "likely located" in this district,[5] but she does not provide any further information about who those witnesses are. To the extent Kastanidis is referring to expert witnesses who may offer opinions about her health, "expert witnesses or witnesses who are retained by a party to testify carry little weight because they 'are usually

---

[1] A review of her Complaint reveals that a number of her former coworkers may be witnesses. Kastanidis alleges that "she heard numerous individuals throughout her workplace, including the Bureau Director, mak[ing] frequent sexual anti-female remarks and telling jokes of a sexual and sexist nature," Compl. ¶ 10, that during a business trip, the Bureau Director introduced her to another person "who made a crude statement in a very loud voice implying the Bureau Director hired [her] for his own sexual purposes and then proceeded to make a negative comment about the Bureau Director's genitalia," which was likely overheard by other Commonwealth employees, *id.* ¶ 20, and that on that same trip, at the Bureau Director's request she and a female colleague brought food to his hotel room, where they found a number of other senior managers of the Bureau, at which time the Bureau Director said that he had heard that Kastanidis had "the most perfect breasts" and another person present "said something about it being time to begin taking off clothes," *id.* ¶ 22.
[2] *See* Lamonto Decl. ¶¶ 6-7, 9, 13-19, ECF No. 5-2.
[3] *See* Lamonto Decl. ¶¶ 13-14, 19.
[4] Lamonto Decl. ¶ 10.
[5] Pl.'s Mem. Opp'n 6, ECF No. 7.

3

selected because of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any.'" *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 199 (E.D. Pa. 2008) (quoting *Webster-Chicago Corp. v. Minneapolis-Honeywell Regulator Co.*, 99 F. Supp. 503, 505 (D. Del. 1951)); *see In re Ralston Purina Co.*, 726 F.2d 1002, 1006 n.6 (4th Cir. 1984) ("The convenience of plaintiffs' paid expert witnesses is of little moment.").

Weighing the heaviest in this forum's favor is the fact that Kastanidis chose to bring her suit here, and she lives within its boundaries. But while a plaintiff's choice of forum is given due consideration, that choice "is deserving of less weight where none of the operative facts of the action occurred in the selected forum." *Gen. Fiber Commc'ns, Inc. v. Barnes Wentworth, Inc.*, No. 03-cv-3291, 2004 WL 1636980, at *2 (E.D. Pa. May 28, 2004) (quoting *Musser v. Consol. Rail Corp.*, No. 96-3388, 1996 WL 417352, at *2 (E.D. Pa. July 19, 1996)); *accord McLaughlin v. GlaxoSmithKline, L.L.C.*, No. 12-3272, 2012 WL 4932016, at *2 (E.D. Pa. Oct. 17, 2012) (quoting *Fid. Leasing, Inc. v. Metavec Corp.*, No. 98-6035, 1999 WL 269933, at *2 (Apr. 29, 1999)). While Kastanidis does live within this district, the Middle District of Pennsylvania may in fact be more convenient for her, because she lives closer to the Middle District's Harrisburg, Pennsylvania courthouse than to any courthouse of this district.[6]

Title VII's exclusive venue provision also suggests that the Middle District of Pennsylvania is the more appropriate forum. When it chose to delineate the proper fora for Title VII actions, Congress focused on the locus of the alleged discrimination: where "the unlawful employment practice is alleged to have been committed," where "the employment records relevant to such practice are maintained and administered," and where "the aggrieved person would have worked but for the alleged unlawful employment practice." *See* 42 U.S.C. § 2000e-

---

[6] Compl. ¶ 1.

5(f)(3). As a result, "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear." *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969). While venue in this district is proper under the statute, the fact that the Middle District of Pennsylvania is the answer to each of those three questions suggests that venue is more appropriate in that forum. *See In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003) (finding that a district court that declined to transfer a Title VII action abused its discretion in part because the district court disregarded the factors "expressly stated in the special venue statute" in favor of other considerations); *see also E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 976 (3d Cir. 1988) (observing, in the context of two competing actions filed in different districts, that in light of the statutory venue provision, "Title VII arguably contemplates [one of those districts] as the more appropriate forum").

### III.  Order

Accordingly, this 24th day of June, 2016, **IT IS ORDERED** that Defendant Commonwealth of Pennsylvania, Department of Human Services' Motion to Dismiss or, in the Alternative, to Transfer Venue, ECF No. 5, is **GRANTED**. This action is transferred to the United States District Court for the Middle District of Pennsylvania for all further proceedings. The Clerk of Court shall mark this action as closed for statistical purposes.[7]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[7] Unless modified by a judge of the United States District Court for the Middle District of Pennsylvania following the transfer of this action, the parties shall continue to adhere to the deadlines set forth in the scheduling order governing this action. *See* Order, Jun. 24, 2016, ECF No. 10.